IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROUTHA ROUSSAW, | : | |
|     Petitioner, | : | |
| | : | |
|            v. | : | CIVIL ACTION 04-CV-3696 |
| | : | |
| PALOKOVICH, *et al.*, | : | |
|     Respondents. | : | |

**MEMORANDUM**

**ROBRENO, J.**                                                                                             **August 5, 2020**

*Pro se* Petitioner Routha Roussaw, a prisoner in state custody following his conviction for first degree murder and conspiracy, has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b).  (*See* ECF No. 43.)  Roussaw seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

**I.      BACKGROUND**

The procedural history and factual background of Roussaw's conviction is fully set forth in the Report and Recommendation prepared by Magistrate Judge Strawbridge.  (ECF No. 19.)  Accordingly, the Court outlines only the information necessary to place the instant Motion in context.  Roussaw filed his habeas petition in this Court on August 1, 2004 after exhausting his state court remedies.  In his petition, he raised jury instruction and ineffective assistance of counsel claims that were adjudicated on their merits.  (*Id.* at 6-13.)  After Roussaw filed objections to the Report and Recommendation (ECF No. 25), his objections were overruled, and the Court adopted the Report and Recommendation in an Order filed on October 10, 2005.  (ECF No. 26.)  A certificate of appealability was denied in the same Order, and the United States Court

of Appeals for the Third Circuit likewise declined to issue a certificate of appealability.  (ECF No. 33.)

The docket reflects that Roussaw sought permission from the Third Circuit to file a second or successive § 2254 petition, but that request was denied in an order filed on January 22, 2013 (ECF No. 35.)  He then filed a pleading in this Court on January 31, 2013 seeking to (1) "recall the mandate" that dismissed his § 2254 petition or, in the alternative, (2) to file a § 2241 habeas petition.  (ECF No. 36 at 1.)[1]  This relief was denied in an Order filed on March 28, 2013 since the pleading constituted a second or successive habeas petition over which this Court lacked jurisdiction.  (ECF No. 37.)  The Third Circuit denied Roussaw's request for a certificate of appealability on August 8, 2013 (ECF No. 42.)    In the current Motion, Roussaw seeks relief pursuant to Rule 60(b).  He asserts that, in the resolution of his direct appeal, the Pennsylvania Superior Court vacated his conviction for robbery charges and granted him a new trial on those charges.[2]  (ECF No. 43 at 2.)  That charge was nolle prossed in 1993, but Roussaw claims he did not learn of this fact until 2018.  (*Id.*)  Thereafter, he filed a new petition pursuant to the Pennsylvania Post Conviction Relief Act based on these "newly discovered facts."  (*Id.* at 3.)  The petition was dismissed as time barred, and the Pennsylvania Superior Court affirmed that decision in on March 22, 2019.  (*Id.*)  The Pennsylvania Supreme Court denied his Petition for Allowance of Appeal on September 24, 2019.  (*Id.*)  He seeks "under Rule 60(b) to have the state court's determination that the lower court's petitions were 'time-barred,' [reviewed] where they

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Unmentioned by Roussaw, in the same decision, the Pennsylvania Superior Court affirmed the judgment of sentence concerning his murder and conspiracy convictions.  *See Commonwealth v. Roussaw*, No. 2157 EDA 2018, 2019 WL 1313379, at *1 (Pa. Super. Ct. Mar. 22, 2019) (recounting procedural history).

were in fact based upon 'Newly Discovered Evidence/Fact as outline in Rule 60(b)." (*Id.* at 7.) Specifically, he seeks to challenge "the integrity of the lower court's initial resolution of this matter" and to pursue habeas relief in this Court "due to the procedural errors made by the state courts. . . ." (*Id.* at 10.)

**II.    STANDARDS**

    **A.    Federal Rule of Civil Procedure 60**

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

    **B.    Second or Successive Habeas Petitions**

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a

3

federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).  Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.  *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).  A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion.  Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[3]  It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims."  *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)).  "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple."  *Id.* at 532.  "A motion that seeks to add a new ground for relief . . . will of course

---

[3] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

### III.    DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Roussaw's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear. While Roussaw attempts to cast his Rule 60(b) claim as a procedural argument rather than a new habeas claim, (see ECF No, 43 at 11-12 ("Roussaw is clearly challenging 'a nonmerits aspect. Indeed, the error raised by the Plaintiff is a federal one due to it involving a claim of Fraud by the court. . . . Rule 60(b) is the proper vehicle for Plaintiff to raise such a claim."), he is not challenging the procedure employed by **this** Court in adjudicating his original habeas petition. Rather, he seeks to use Rule 60(b) to challenge the procedures used by the Pennsylvania courts in adjudicating his fourth PCRA petition. This is not a proper use of Rule 60(b) since any

additional argument attacking the validity of his judgment of sentence constitutes a new substantive habeas claim. Because Roussaw has not received authorization from the Court of Appeals to file another federal habeas petition to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

                               **BY THE COURT:**

                               */s/ Eduardo C. Robreno*
                               **EDUARDO C. ROBRENO, J.**